UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81282-ROSENBERG/REINHART

PULTE CAPITAL
PARTNERS, LLC,

    Plaintiff,

v.

BRENT LUSH, et al.,

    Defendants.

    _____/

**ORDER DENYING THE DEFENDANTS' MOTION TO DISMISS**

**THIS CAUSE** is before the Court on the Defendants' Motion to Dismiss at docket entry 10. The Motion has been fully briefed. For the reasons set forth below, the Motion is denied.

The Defendants argue that this case must be dismissed for lack of personal jurisdiction. There is a lack of personal jurisdiction, they argue, because both of the necessary grounds for the court's exercise of personal jurisdiction over the Defendants—the Florida long-arm statute and the Due Process Clause of the federal Constitution—are not satisfied in this case.

In their Response, the Plaintiff relies upon section 48.193(1)(a)(7) of the Florida long-arm statute. That section provides for the exercise of personal jurisdiction over a defendant that "breaches a contract in [Florida] by failing to perform acts required by the contract to be performed in [Florida.]" *Id.* Importantly for this case, the failure to pay money due in Florida is sufficient to satisfy this provision. *RG Golf Warehouse, Inc. v. Golf Warehouse, Inc.*, 362 F. Supp. 3d 1226, 1238 (M.D. Fla. 2019) (citing *Glob. Satellite Commc'n Co. v. Sudline*, 849 So. 2d 466, 468 (Fla. Dist. Ct. App. 2003)). Here, the Plaintiff alleges that the Defendants have failed to return money owed in Florida. *See* DE 1 at 1-3. The Court construes the Defendants' Reply as conceding that the Florida long-arm statute is therefore satisfied, as the Defendants shift their argument in the

Reply to "even if" the statute "is apparently satisfied." DE 19 at 2. The Court concludes the Florida long-arm statute authorizes the exercise of personal jurisdiction over the Defendants in this case.

As for the Due Process Clause of the federal Constitution, the Defendants argue that it would be unfair for them to litigate in Florida. *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996) (noting that courts must consider whether a defendant has "sufficient minimum contacts" with a forum such that the "transitional notions of fair play and substantial justice" would be met with the maintenance of a suit in the forum). To make this argument, the Defendants provide evidence for the proposition that they conduct no business in Florida. DE 10-1. Citing that lack of business, the Defendants rely upon the case of *Venetian Salami v. Parthenais*, 544 So. 2d 499 (Fla. 1989). More particularly, the Defendants rely upon a quotation in *Salami* that reads as follows: "[W]e do not believe that the mere failure to pay money in Florida, standing alone, would suffice to obtain jurisdiction over a nonresident defendant." *Id.* at 503. In making that statement, however, the Florida Supreme Court further described its thinking as follows:

> To put this statement in perspective, consider a scenario in which a New York company telephones a Florida resident and convinces him to buy a $5 widget. The Florida resident returns the widget without payment because it does not work. Surely, it could not be said that the Florida resident had sufficient minimum contacts with New York such that he should reasonably contemplate being haled into court there to defend against a suit for nonpayment.

*Id.* at n.1. The hypothetical scenario described in *Salami* (where the Due Process Clause would not be satisfied) is not present in this case.

Here, the Plaintiff has provided evidence in support of its Response that it "provide[d] resources and consulting" services to the Plaintiff. DE 16-1 at 1.[1] The Plaintiff has also provided evidence that it "use[d] its experience to work with the [Defendants] to drive as much EBITDA and Enterprise Value as possible" in the Defendants' business. *Id.* at 2. Additionally, the Plaintiffs

---

[1] A plaintiff bears the burden of proving the factual basis necessary to support this Court's exercise of personal jurisdiction. *E.g., McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 189 (1936).

have provided evidence that "Defendants understood they were entering into an ongoing relationship with [Plaintiff], where [Plaintiff] **would provide advice, consulting, and other help, and that [Plaintiff] would be providing these services from its sole office in Florida**." *Id.* (emphasis added). In short, the Plaintiff has provided evidence that the parties entered into a working business relationship. Such a relationship bears no similarity to the hypothetical described in *Salami* where a consumer orders a "widget" from an out-of-state company and lacks any other connection to the out-of-state forum.

Moreover, the Plaintiff's evidence described above (which is very specific) has gone unrebutted by the Defendants' general assertion that they do not do business in Florida. The Defendants' Reply contains no counterevidence to refute the Plaintiff's evidence, such that an evidentiary hearing might be needed. In consideration of the unrefuted evidence in the record, then, the Court is persuaded that the Plaintiff has shown the parties had a mutual, ongoing business relationship such that the Due Process Clause would not be offended by the Defendants' maintenance of a suit in Florida.[2] It is therefore **ORDERED AND ADJUDGED** that the Defendants' Motion to Dismiss [DE 10] is **DENIED**.[3] The Defendants shall file an answer within ten days of the date of rendition of this Order.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 23rd day of January, 2024.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[2] Venue is also appropriate in the Southern District of Florida for the reasons set forth in the Plaintiff's Response. Succinctly stated, venue is appropriate in a district where "a substantial part of the events" giving rise to the claim took place, and here, in this case, the Plaintiff alleges that the Defendants failed to return money owed in this District. 28. U.S.C. § 1391(b)(2).

[3] Although the Defendants make some references in their Motion to *forum non conveniens*, that issue is insufficiently briefed by both parties. Any request for relief under *forum non conveniens* is denied without prejudice and may be re-filed.